Matter of O'Brien (2025 NY Slip Op 04651)

Matter of O'Brien

2025 NY Slip Op 04651

Decided on August 13, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2022-07817

[*1]In the Matter of Patricia A. O'Brien, admitted as Patricia Ann O'Brien, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Patricia A. O'Brien, respondent. (Attorney Registration No. 2551596)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 9, 1993.

Catherine A. Sheridan, Hauppauge, NY (Elizabeth A. Grabowski of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the
respondent with a notice of petition dated September 15, 2022, and a verified petition also dated September 15, 2022, containing four charges of professional misconduct. The respondent served and filed an answer dated October 17, 2022, denying the charges and asserting that although a fee dispute judgment was issued against her, the Grievance Committee previously found no evidence of wrongdoing in dismissing a complaint brought by the same party involved in the fee dispute. Thereafter, on October 20, 2022, the Grievance Committee filed a statement of disputed and undisputed facts, which was unchallenged by the respondent. By decision and order on application dated December 20, 2022, this Court referred the matter to the Honorable Lance D. Clarke, as Special Referee, pursuant to 22 NYCRR 1240.8(b)(1), to hear and report. A preliminary conference was held on February 23, 2023, and a hearing was conducted on July 13, 2023. By report dated January 3, 2024, the Special Referee sustained all four charges in the petition. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper.
The Petition 
The petition contains four charges of professional misconduct. Charge one alleges that the respondent failed to promptly pay or deliver to a client, as requested by the client, funds in her possession that the client was entitled to receive, in violation of rule 1.15(c)(4) of the Rules of Professional Conduct (22 NYCRR 1200.0). In 2011, the respondent was retained by David M. Farrell to represent him in connection with a divorce action, and in June 2016, a judgment of divorce was entered in connection with that action.
On or about May 11, 2018, Farrell retained the respondent for a postmatrimonial matter and, in connection therewith, paid the respondent the sum of $5,000. Thereafter, Farrell claimed that the respondent had not performed work on the matter and requested a refund. An arbitration hearing was held at the Suffolk County Bar Association pursuant to the Fee Dispute Resolution Program of the Rules of the Chief Administrator of the Courts (22 NYCRR part 137). [*2]Following the hearing, an arbitration award dated September 24, 2020, was issued in favor of Farrell in the sum of $5,000. The notice of arbitration award directed that the "determination is final and binding on the parties," except that a party dissatisfied with the award may seek a trial de novo or move to vacate the award within the time frame prescribed. The respondent did not seek a trial de novo or move to vacate the award.
On or about July 18, 2021, Farrell filed a complaint in the Small Claims Court, Suffolk County District Court, alleging breach of contract or warranty based upon the respondent's failure to pay the arbitration award. On May 18, 2022, an award was issued in favor of Farrell and against the respondent in the sum of $5,000.
Farrell made multiple requests for payment of the award, and as of the date of the petition, the respondent had not paid the award.
Charge two alleges that, based on the factual specifications of charge one, the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct.
Charge three alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Grievance Committee's investigation, in violation of rule 8.4(d) of the Rules of Professional Conduct. By letter dated March 30, 2021, sent to the respondent via first-class mail to her Office of Court Administration (hereinafter OCA) registered business address, the Grievance Committee advised the respondent that an investigation had been initiated based upon a complaint filed by Farrell. The letter requested an answer to the Farrell complaint within 10 days of receipt. The respondent failed to submit an answer.
By letter dated April 21, 2021, sent to the respondent via certified mail to her OCA registered business address and via email, the Grievance Committee enclosed a copy of the March 30, 2021 letter and noted that no response had been received. The Grievance Committee reminded the respondent that failure to timely respond or otherwise cooperate with the Grievance Committee constituted professional misconduct and requested an answer within 10 days of receipt. The respondent failed to submit an answer.
By letter dated June 2, 2021, sent to the respondent via certified mail to her OCA registered business address, the Grievance Committee enclosed a copy of the April 21, 2021 letter and noted that no response had been received. The Grievance Committee reminded the respondent that the Grievance Committee was authorized to seek the immediate suspension of an attorney from the practice of law for failure to cooperate with a disciplinary investigation and requested an answer within 10 days of receipt. The respondent failed to submit an answer. On June 28, 2021, the respondent contacted the Grievance Committee, advised that she thought she had provided an answer, and agreed to send an answer as soon as possible. The respondent failed to submit an answer.
By letter dated August 19, 2021, sent to the respondent via certified mail to her OCA registered business address and via email, the Grievance Committee enclosed a copy of the June 2, 2021 letter and noted that no response had been received. The Grievance Committee reminded the respondent of its authority to seek an attorney's immediate suspension from the practice of law for failure to cooperate with a disciplinary investigation and requested an answer within 10 days of receipt. The respondent failed to submit an answer.
On October 1, 2021, the respondent was served with a judicial subpoena commanding her appearance at the Grievance Committee's office on October 15, 2021, to provide testimony in the matter. The appearance was adjourned twice between October 13, 2021, and October 22, 2021, at the respondent's request. On October 21, 2021, the respondent contacted the Grievance Committee via email, confirming that she was granted an adjournment and agreeing to submit her answer "by the end of the week." The respondent failed to submit an answer.
By letter dated November 10, 2021, sent to the respondent via email, the Grievance Committee noted that no answer had been received, reminded the respondent that the Grievance Committee was authorized to seek an attorney's immediate suspension from the practice of law for failure to cooperate with a disciplinary investigation, and requested an answer within 10 days of receipt. On November 10, 2021, the respondent contacted the Grievance Committee via email and stated that she would submit her answer "right away." The respondent failed to submit an answer.
By letter dated November 30, 2021, sent to the respondent via first-class mail to her home address and via email, the Grievance Committee advised the respondent that pursuant to the judicial subpoena, her appearance was required before the Grievance Committee on December 9, [*3]2021, to provide testimony and an answer.
On December 9, 2021, an examination under oath was held, and following such, the respondent was requested to submit an answer by December 30, 2021. As of the date of the petition, the respondent failed to submit an answer to the Farrell complaint.
Charge four alleges that, based on the allegations of charges one through three, the respondent engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct.
The respondent submitted an answer dated October 17, 2022, to the petition in which she denied the charges and asserted that the Grievance Committee previously found no attorney wrongdoing and dismissed a complaint by Farrell. The respondent averred that the $5,000 paid by Farrell was for an outstanding balance owed by him for previous matters concerning an order of protection and a court violation, and that no new retainer agreement was executed for the new matter. The respondent stated that Farrell began appearing at her office unannounced, filed a grievance complaint against her, and commenced a fee dispute arbitration. The respondent further claimed that she appeared for an examination under oath in the matter and responded to the complaint, and that the filing of charges one year later was prejudicial to the administration of justice on her behalf. According to the respondent, she had previously submitted an answer to the Grievance Committee, which was deemed unacceptable, and due to water damage at her office, she cannot produce her answer again.
The Hearing Record 
A hearing was conducted on July 13, 2023, during which Farrell and the respondent testified. Farrell testified that he retained the respondent in 2010 to represent him in his divorce action, which was resolved with a divorce in 2016. He further testified that he retained the respondent to represent him in having his name removed from a mortgage on property now owned by his former wife, and although he did not enter into a written retainer agreement, he paid the respondent the sum of $5,000. Farrell testified that the respondent was unsuccessful in having Farrell's name removed from the mortgage and that the respondent had not completed any work on the matter. On December 26, 2019, Farrell filed a grievance complaint against the respondent. The Grievance Committee, by letter dated January 15, 2020, notified Farrell that he would have to pursue his fee dispute with the Fee Dispute Resolution Program. On September 24, 2020, following the fee dispute arbitration, Farrell was awarded the sum of $5,000. After Farrell had not received payment of the award from the respondent or received notice of a trial de novo or notice of vacatur, he filed a complaint in the Small Claims Court to recoup the funds. After he was awarded the sum of $5,000 in the Small Claims Court action, Farrell sought to have the Sheriff's Department execute the judgment, but those efforts were unsuccessful. Farrell filed a second grievance complaint with the Grievance Committee on March 4, 2021. As of the date of the hearing, Farrell had not received the funds from the respondent. On cross-examination, Farrell testified that he signed a retainer agreement regarding his divorce action and that during the divorce action, the respondent represented him on two matters involving an order of protection. The fee for each of those two matters was $2,500, and Farrell testified that he made those payments in cash and had no receipt or proof of payment.
The respondent testified that Farrell originally retained her in approximately 2010 regarding his divorce action, but a majority of her records were destroyed in a flood in 2022. She further testified that separate from the divorce action, she represented Farrell in two additional matters regarding an order of protection entered against him and a violation of that order of protection. The respondent claimed that the bills for those matters remained outstanding and that contrary to Farrell's testimony, he did not pay those bills by cash and he previously paid her by check on his divorce action. According to the respondent, Farrell paid the $5,000 balance due on the two order of protection matters, but he never paid the retainer or entered into a written retainer agreement on the new matter. The respondent admitted that as of the date of the hearing, she had not paid the award against her or moved for a trial de novo or to vacate the award.
The Special Referee's Report 
In a report dated January 3, 2024, the Special Referee sustained all four charges in the petition. The Special Referee found that the respondent had ample opportunity to appear and defend against all proceedings filed by Farrell, and that she failed to take any steps to defend the claims and failed to pay the duly issued arbitration award that was confirmed by the Suffolk County District Court.
The Grievance Committee moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. The respondent has not submitted any papers in response to the Grievance Committee's motion.
Findings and Conclusion 
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all four charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted. In determining an appropriate measure of discipline, we considered the respondent's continued failure to honor her obligation and pay the duly issued award, her lack of remorse, and her failure to cooperate with the Grievance Committee to be significant aggravating factors.
Under the totality of the circumstances, we find that the respondent's conduct warrants her suspension from the practice of law for a period of two years.LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Patricia A. O'Brien, admitted as Patricia Ann O'Brien, is suspended from the practice of law for a period of two years, commencing September 12, 2025, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 12, 2027. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, she (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted herself; and it is further,
ORDERED that the respondent, Patricia A. O'Brien, admitted as Patricia Ann O'Brien , shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Patricia A. O'Brien, admitted as Patricia Ann O'Brien, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Patricia A. O'Brien, admitted as Patricia Ann O'Brien, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court